IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00197-PSF-CBS

FREIDA LYNN MITCHELL,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**ORDER ON MAY 23, 2005 RECOMMENDATION OF MAGISTRATE JUDGE**

---

    This matter comes before the Court on the Recommendation entered by the Magistrate Judge on May 23, 2005 in which he recommended granting, in part, and denying, in part, defendant's Motion to Dismiss (Dkt. # 18) all of plaintiff's employment discrimination claims contained in her *pro se* complaint. On June 3, 2005, plaintiff timely filed her Objection to the Recommendation of the Magistrate Judge. On June 10, 2005, defendant filed a response to the plaintiff's Objection. On June 16, 2005, plaintiff filed what appears to be a reply to defendant's response. Although reply briefs in support of objections are not contemplated by the Rules, the Court will consider plaintiff's last filing.

    The matter is ripe for determination. Pursuant to F.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), this Court makes a *de novo* determination on the record as to defendant's

motion. The Court finds that oral argument will not materially assist the Court in its determination.

**PLAINTIFF'S COMPLAINT**

On February 3, 2005, Plaintiff Freida Mitchell filed a *pro se* complaint against her former employer, defendant The GEO Group, Inc., alleging that she was discriminated against and terminated from her position as a payroll specialist on May 20, 2003. (Complaint, attachment to page 3). The form complaint plaintiff describes the nature of the case as discrimination because of Title VII, 42 U.S.C. § 2000e *et seq.*, and the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Complaint at 2). The Complaint appears to assert three claims for relief, but it is unclear exactly what each claim asserts.

The First Claim for Relief simply states "see attachment." (Complaint at 3). The two-page attachment is a copy of a charge filed with the EEOC, which bears several dates, the earliest of which on page 2 is November 19, 2003. The EEOC charge form indicates, by the checked-off box on the form, that plaintiff is complaining of "retaliation." (Complaint, attachment to page 3). The form states the earliest and latest dates on which the discrimination took place as "05-20-2003." *Id.* The narrative content asserts that plaintiff was discharged from her position as payroll specialist on May 20, 2003, that she was told she was terminated for being "insubordinate," that she believes she was discriminated against because of her disability in violation of the Americans with Disabilities Act, that the company was aware of her disability, and that she had filed a previous discrimination charge with the EEOC numbered 320A300693. *Id.* The date

of the filing of that previous charge is not set forth.  Although the employer named in the EEOC charge attached to the Complaint is Wackenhut Corrections, it does not appear to be contested that defendant GEO Group is a successor in interest to that entity as the operator of the Aurora detention center for alleged illegal aliens where plaintiff had been employed.  *See* Defendant's Motion to Dismiss at 1.

The Second Claim for Relief simply contains the handwritten notation: "Medical documentation from Dr. Kassab & L.C.S.W. Ms. Abraham."  The referenced documentation is not attached to the Complaint.

The Third Claim for Relief alleges retaliation in violation of Section 704(A) of Title VII, Section 4(d) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and Section 503(A) of the ADA.  It further states: "I filed complaints starting in June 2002.  As I filed complaints against my immediate supervisor I then received negative evaluations then was suspended then fired."

The relief sought is described as "to be compensated for pain & suffering due to being fired while protected up under the ADA." (Complaint at 6).

**DEFENDANT'S MOTION TO DISMISS**

On April 7, 2005, Defendant filed its motion to dismiss, seeking dismissal of all of plaintiff's claims.

Defendant first argues that the Court lacks jurisdiction over any substantive discrimination claim plaintiff may be asserting under either Title VII or the ADEA as plaintiff did not file a timely charge with the EEOC with respect to such claims as required by statute, and therefore failed to exhaust her administrative remedies.

Defendant argues that plaintiff's failure to file a charge under these statutes is evidenced by both her failing to check the boxes on the EEOC charge where she could have alleged discrimination violative of Title VII and the ADEA, as well as plaintiff's failure to provide any facts indicating discrimination violating Title VII or the ADEA in the narrative included on the charge form.

Defendant also argues that plaintiff has failed to state a claim for relief for violation of the ADA, Title VII or the ADEA as her Complaint does not alleges sufficient facts to make out a *prima facie* case under any of these statutes.  Specifically, in connection with plaintiff's reference in her second claim to "medical documentation," defendant argues that this mere reference does not demonstrate that plaintiff is disabled, nor does she anywhere allege facts demonstrating that the defendant knew she was disabled or that she provided defendant with information indicating that she was disabled (Defendant's Motion at 6-7).

Defendant further argues that any retaliation claims stated in plaintiff's Third Claim for Relief must be dismissed because she fails to demonstrate any temporal and causal connection between her termination in May 2003, and the filing of the alleged EEOC charges in June 2002.  *Id.* at 9.

On April 27, 2005, plaintiff filed a three-page response to the Defendant's Motion to Dismiss accompanied by numerous pages of documents relating to her employment with defendant, or its predecessors.  It appears that plaintiff primarily argues that a series of events indicative of retaliation occurred between July 2002 and her termination in May 2003 including being written up, being the subject of falsified reports, receiving

negative evaluations and being suspended (Plaintiff's Response at 1).  Plaintiff also refers to her previously filed EEOC charge, referring to it as charge "3 320-2003-00693" although she does not attach a copy of it nor does she state the date on which it was filed with the EEOC.  Plaintiff also appears to argue that defendant had knowledge of her asserted disability because her social worker, Ms. Abraham, faxed documents to the defendant in or about March 2003.  *Id.*

**MAGISTRATE JUDGE'S RECOMMENDATION**

The Magistrate Judge recommended dismissal of any claims for substantive discrimination which plaintiff may be asserting under Title VII and the ADEA for the reason that plaintiff failed to show that she filed a charge with the EEOC providing notice of such claims, and therefore did not comply with the statutory requirements. This Court agrees with the Magistrate Judge.  The reasons stated in his Recommendation would support dismissal of any substantive discrimination claims which plaintiff may seek to be asserting under Title VII or the ADEA.[1]

However, the Court notes that attached to plaintiff's June 3, 2005 Objection to the Recommendation of the Magistrate Judge is a copy of the prior EEOC charge No. 320A300693, which apparently was never provided to the Magistrate Judge in connection with the defendant's motion.  Assuming its authenticity, that charge was filed on April 16, 2003.  On the EEOC form, the plaintiff checked the boxes marked "race"

---

[1] In her June 16, 2005 reply to defendant's response to her objection, plaintiff states that "I am arguing ADA not ADEA." The Court take this to mean that plaintiff is not seeking to maintain a claim for age-based discrimination.

5

...

and "retaliation" in the space titled "cause of discrimination."  The charge spells out in detail the discrimination alleged.

Nonetheless, even if this charge provided notice of plaintiff's alleged race discrimination in violation of Title VII, any claims plaintiff may have had pursuant to this charge under Title VII are barred.  The attachments to plaintiff's Objection also includes a copy of the notice of right to sue letter issued to plaintiff by the EEOC in connection with this charge.  It is dated July 31, 2003.  Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file suit within 90 days of receipt of a right to sue letter.  Here, plaintiff did not do so, as the complaint in this case was not filed until February 2005.  Accordingly, even taking into account plaintiff's earlier EEOC charge, the Court finds no basis for exercising jurisdiction over a Title VII claim in this case. Thus, the Court dismisses any claims of substantive discrimination which plaintiff seeks to allege under Title VII and the ADEA.

The Magistrate Judge also recommended dismissal of plaintiff's substantive claim for discrimination under the ADA, finding that plaintiff did not allege sufficient facts in her complaint to demonstrate "what her alleged disability is or how it is protected under the ADA." (Recommendation at 5).  The Magistrate Judge also found that plaintiff failed to allege sufficient facts to show that her employer knew she was disabled, or that she provided information to the defendant indicating her claim of disability. *Id.*

In her Objection to the Recommendation of the Magistrate Judge, plaintiff continues to assert that she provided information to her employer as early as February 2003 and continuing through May 2003 regarding her asserted disabilities, which she

describes in her objection as "Anxiety, Dysthymia and Adjustment reaction." Plaintiff attaches numerous pages of her medical records and several communications with her employer to her objection. The Court has reviewed this documentation and finds that while it appears to be an effort by plaintiff to supply the employer with grounds for receiving leave under the FMLA, the information never states that plaintiff is claiming to be disabled, nor does it state that plaintiff is suffering from an impairment that substantially limits one or more major life activity, as required to establish a disability under the ADA. Moreover, the Court notes that plaintiff's previous filed EEOC charge, which is dated April 16, 2003, reflects no indication, either in the checked-off boxes or in the lengthy narrative, that plaintiff was then asserting any discrimination based on her alleged disability.

For the reasons set forth above and those contained in the Recommendation of the Magistrate Judge, the Court finds that plaintiff has failed to allege facts sufficient to establish a *prima facie* case of discrimination based on disability, and therefore any claim for substantive discrimination under the ADA must be dismissed.

Because the Magistrate Judge found that plaintiff did not file a charge of discrimination alleging violations of Title VII or the ADEA, nor allege any protected activities under those statutes, he also found, based on the record before him, that dismissal was warranted of any retaliation claims based on plaintiff exercising her rights under Title VII or the ADEA, as contained in plaintiff's Third Claim for Relief (Recommendation at 8-9). The Court accepts the Recommendation to dismiss the claim for retaliation under the ADEA for the reasons stated therein.

However, given the documents contained in plaintiff's objection, it now appears that on April 16, 2003 plaintiff filed a charge with the EEOC alleging racial discrimination by defendant in violation of Title VII. Although plaintiff's Third Claim for Relief asserting retaliation merely states that she "filed complaints starting in June 2002," (Complaint at 5), and although defendant perhaps disingenuously and in an apparent lack of candor towards the tribunal, [2] argues that there is a lack of temporal causation between events of June 2002 and plaintiff's termination in May 2003, (Defendant's Motion at 9; Reply at 11-12) it now appears that plaintiff's termination in fact occurred within five weeks of her filing her first charge with the EEOC alleging race discrimination. Accordingly, because the Magistrate Judge obviously made his Recommendation without full material information, his reasoning for the dismissal recommendation as to plaintiff's claim of retaliation under Title VII is not accepted.

Nonetheless, the question remains whether plaintiff's EEOC charge of November 19, 2003 adequately provides notice that she is claiming retaliation based on her engaging in protected activity under Title VII. If plaintiff failed to give adequate notice of her purported retaliation claim, it would be subject to dismissal.

The Court notes that the only box checked off on the EEOC charge filed in November 2003 is the one marked "retaliation." The narrative inserted on the form

---

[2] Defendant must have been aware that plaintiff's prior EEOC charge was filed in April 2003 and alleged racial discrimination, as it filed a response to the charge with the EEOC dated May 16, 2003, a copy of which is found in Exhibit 1 to plaintiff's response to the Motion to Dismiss.

states that plaintiff believes she has been discriminated against "because of my disability . . . and in retaliation for having objected to discriminatory practices, in that: . . . b. The company was aware I had filed a previous EEOC C #320A300693." (Complaint, attachment to page 3).

The Court finds that this description on the EEOC charge is sufficient to provide notice that plaintiff is asserting retaliation under Title VII as well as under the ADA. As plaintiff has pled a *prima facie* case of retaliation in violation of Title VII, the defendant's request to dismiss plaintiff's Third Claim for Relief is denied to the extent the claim alleges retaliation in violation of Title VII.

The Magistrate Judge also recommended denial of defendant's Motion to Dismiss plaintiff's Third Claim for Relief to the extent it seeks dismissal of her retaliation claim based on exercising her rights under the ADA.

Even though the Magistrate Judge found, and this Court agrees, that plaintiff has failed to allege a *prima facie* case of disability discrimination in connection with her termination, that does not foreclose her from alleging a case of retaliation in violation of the ADA. As stated in *Crumpacker v. Kansas Dept. of Human Resources,* 338 F.3d 1163 (10th Cir. 2003), *cert. denied,* 540 U.S. 1180 (2004), a plaintiff's Title VII retaliation claims may be "based on a reasonable good-faith belief that the underlying conduct violated Title VII" even if the plaintiff's belief that there was a substantive violation is not proven. 338 F.3d at 1172. As stated in *Crumpacker*, "This court, however, has held that an *actual violation* is not required to maintain a retaliation claim under Title VII." citing to *Love v. RE/MAX of Am., Inc.*, 738 F. 2d 383, 385 (10th Cir. 1984). 338 F.3d at

9

1171 n.5 (emphasis in original). The same reasoning would apply in a case alleging retaliation under the ADA. Nonetheless, the plaintiff here must still allege a *prima facie* case of retaliation under the ADA to survive defendant's motion.

In reaching his recommendation that defendant's motion be denied, the Magistrate Judge found that plaintiff's assertions, contained in her Response to Defendant's Motion, that she was written up, the subject of false reports, and the recipient of negative evaluations, in proximity to her asserted filing of an earlier EEOC charge, were sufficient to state a claim for retaliation under the ADA (Recommendation at 9-10). In reaching this result, the Magistrate Judge, not having been provided with a copy of plaintiff's earlier EEOC charge, was left to speculate regarding the date of its filing and the contents of the charge, and to rely in part on what plaintiff was representing in her opposition to the motion.

It is now apparent that plaintiff's earlier filed EEOC charge was dated April 16, 2003. It contains no allegations of disability discrimination. That charge cannot provide the factual basis for a claim of retaliation for engaging in protected activity under the ADA, because the claim does not constitute protected activity under the ADA.

Alternatively, plaintiff does assert in her Third Claim for Relief that she began filing complaints against her supervisor in June 2002 and thereafter she received negative evaluations and a suspension. However, plaintiff does not allege that the complaints of June 2002 related in any way to her alleged disability, or that they somehow constitute protected activity under the ADA. Nor does she allege that they

constituted requests for reasonable accommodations, or other actions by the employer, that would put it on notice that plaintiff was claiming a disability.

Furthermore, the charge plaintiff filed with the EEOC in November 2003 claims that the adverse action taken as retaliation against her was her termination in May 2003. The acts of negative evaluation and suspension, although alleged in her Third Claim for Relief, are not even mentioned in her EEOC charge.

Nor does the complaint give a date for when the alleged negative evaluations or suspension occurred. Unless those negative evaluations and suspension occurred within 300 days of plaintiff's discrimination charge of November 19, 2003, that is after January 12, 2003, such actions cannot be a basis for a charge of retaliation. As the Supreme Court stated in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002), each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice" that must have occurred within 300 days of the filing of an EEOC charge in order to be actionable.

Finally, plaintiff gives no dates for any alleged adverse action other than her termination in May 2003. She therefore has failed to establish that element of a *prima facie* case of retaliation requiring a temporal or causal connection between the adverse employment action taken against her, and her assertion that she made complaints beginning in June 2002, even assuming that the complaints in June 2002 related to her alleged disability and would be considered protected activity under the ADA. *See Wells v. Colorado Department of Transportation*, 325 F.3d 1205, 1212, 1216-17 (10th Cir. 2003). As the Court stated in *Wells,* a five-month gap between a protected activity and

an adverse action would ordinarily be too great a time lapse to support an inference of causation based on timing alone.  325 F.3d at 1217.  Here, the apparent gap between the alleged protected activity and the only asserted adverse action is eleven months.

For the reasons stated, the Court disagrees with the recommendation of the Magistrate Judge based upon the incomplete information with which he was provided, and grants defendant's Motion to Dismiss plaintiff's Third Claim for Relief to the extent it alleges retaliation in violation of the ADA.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. # 18) is GRANTED in part, and DENIED in part.

Plaintiff's First and Second Claims for relief are DISMISSED with prejudice.

Plaintiff's Third Claim for Relief is DISMISSED with prejudice to the extent it alleges retaliation in violation of the ADEA and the ADA.

Defendant's motion to dismiss the Third Claim for Relief is DENIED as to the claims for retaliation in violation of Title VII.

Defendant and its counsel shall within ten days from the date of this Order show cause in writing why they should not be subject to sanctions or discipline for lack of candor towards the tribunal with respect to the *pro se* plaintiff's pled EEOC charge

No. 320A300693 and the temporal causal connection arguments made in Defendant's

Motion at 9 and in its Reply at 11-12.

DATED:   June 23, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge